In re Jeffrey N. SCHWARTZ,
Respondent.

A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 462769).

No. 06–BG–1066.

District of Columbia Court of Appeals.

Decided May 31, 2007.

Before FISHER and BLACKBURNE–
RIGSBY, Associate Judges, and
SCHWELB, Senior Judge.

PER CURIAM:

Between 2001 and 2003, the respondent, Jeffrey N. Schwartz, a member of the Bar of this court as well as those of Georgia and Florida, accessed, listened to, and randomly deleted voicemail messages left on the system of his former employer, an Atlanta law firm. As a result, on July 12, 2004, the Supreme Court of Georgia accepted respondent's petition for voluntary discipline and suspended him from the practice of law in that state for eighteen months.[1]

Respondent did not report this discipline as required by D.C. Bar R. XI, § 11(b); however, Bar Counsel notified this court of the suspension by filing a certified copy of the Georgia court's order. Accordingly, on October 3, 2006, we suspended respondent on an interim basis; directed him to show cause why identical discipline should not be imposed, and directed the Board on Professional Responsibility ("Board") to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*.

On January 31, 2007, the Board filed its report and recommendation suggesting we impose an eighteen month suspension as identical reciprocal discipline.[2] Respondent does not oppose that, or a lesser sanction and Bar Counsel has informed us that he takes no exception to the Board's recommendation.

1. Bar Counsel informs us that on March 23, 2005, respondent was similarly suspended by the Florida Supreme Court based upon the Georgia discipline.

2. The Board concluded, and we agree, that respondent's misconduct in violation of Georgia R. Prof. Cond. 8.4(a)(4) is also misconduct under Rules of Prof.Conduct, Rule 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation).

The lack of any exception or opposition to the Board's recommendation means that it is entitled to great deference from this court. Moreover, there is a presumption in our rules that identical reciprocal discipline should be nearly automatic in such circumstances.[3] For these reasons, we accept the Board's recommendation and it is

ORDERED that Jeffrey N. Schwartz is hereby suspended from the practice of law in the District of Columbia for a period of eighteen months, *nunc pro tunc* to October 3, 2006, the date of his interim suspension by this court.[4]

*So ordered.*

---

**3.** *See* D.C. Bar R. XI, § 11(f); *In re Goldsborough,* 654 A.2d 1285 (D.C.1995).

**4.** Respondent is entitled to *nunc pro tunc* suspension since he submitted a timely affidavit in compliance with D.C. Bar R. XI, § 14(g).